## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. GILLISPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01598-SPM |
| | ) | |
| TERRY LAWSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Christopher S. Gillispie's first amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court will dismiss plaintiff's official capacity claims. However, the Court has determined that the individual capacity claims in Count I, as well as the claims in Count II, III, and IV are sufficient for purposes of 28 U.S.C. § 1915A review.

### Background

Plaintiff is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri. On November 9, 2020, he filed a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). Plaintiff also filed a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel. (Docket No. 2; Docket No. 4). At the time he submitted his complaint, plaintiff was proceeding pro se.

The events in the complaint took place at the Farmington Correctional Center (FCC). Plaintiff alleged that on July 6, 2020, he was held in his cell against his will by inmate Rodney Allen. (Docket No. 1 at 8). According to plaintiff, Allen had in his possession a razor blade, and refused directives to let plaintiff be removed from the cell. Eventually, correctional officers had to

use force to remove Allen, including the deployment of chemical spray. Plaintiff told FCC staff that Allen had threatened him, and that he was in fear of his life.

Despite plaintiff's concerns, Allen was returned to plaintiff's cell eleven days later. On July 20, 2020, plaintiff was assaulted by Allen. He was allegedly beaten unconscious and sexually assaulted. Plaintiff asserted that FCC staff failed to protect him.

On February 3, 2021, counsel entered his appearance on plaintiff's behalf. (Docket No. 7). On February 10, 2021, a first amended complaint was submitted pursuant to Fed. R. Civ. P. 15(a)(1)(A). (Docket No. 8). Plaintiff paid the filing fee on March 5, 2021.

## The First Amended Complaint

The first amended complaint is brought under 42 U.S.C. § 1983 for damages based on alleged violations of plaintiff's constitutional rights. (Docket No. 8 at 2). Plaintiff also asserts that the Court has supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). Ten people are named as defendants: FCC Warden Terry Lawson; Major Daniel Francis; Functional Unit Manager John Hagerty; Case Manager Ryan J. Hillis; Sergeant Amanda R. Crocker; Sergeant Alex Downing; Correctional Officer Tiffany Lambing; Correctional Officer Ryan A. Hanna; Correctional Officer Darren Klemp; and inmate Rodney Allen. (Docket No. 8 at 2-3). All defendants, with the exception of Allen, are alleged to have acted under the color of state law. (Docket No. 8 at 3). Defendants are sued in their official and individual capacities. (Docket No. 8 at 4).

Plaintiff begins by stating that he and Allen were housed in the same cell in Housing Unit 5 of the FCC. According to plaintiff, Allen is quite a bit larger than him. Both inmates were receiving mental health treatment from Corizon Health, Inc. Plaintiff states that he is low-functioning, while Allen is aggressive and hostile.

On July 6, 2020, Allen would not let plaintiff leave the cell. Allen also threatened plaintiff "with grave bodily harm and death, had been banging his own head on the cell bars and walls until it was swollen and bleeding, and had been cutting himself with a razor." (Docket No. 8 at 4-5). Plaintiff claims that he "repeatedly screamed in fear and pleaded with Defendants Crocker, Lambing, and Klemp to protect him from Defendant Allen, and to get him out of the cell." (Docket No. 8 at 5). Despite plaintiff's requests, Crocker, Lambing, and Klemp refused to remove plaintiff from the cell he shared with Allen.

Allen continued to threaten plaintiff, as well as anyone who attempted to enter the cell, and brandished a razor. Ultimately, Crocker, Lambing, and Klemp entered the cell to remove Allen. In doing so, they sprayed chemical irritants, which also hit plaintiff. It took forty-five minutes for Crocker, Lambing, and Klemp to get both plaintiff and Allen out of the cell. (Docket No. 8 at 6). Plaintiff was placed in a different cell, apart from Allen.

Despite his actions, Allen was not cited for any violation of prison rules, and he was not identified as plaintiff's "enemy."

Plaintiff alleges that Hillis acknowledged that Allen was "out of control," posed a serious danger to plaintiff's safety, and should not be placed in a cell with plaintiff. Furthermore, he states that Hagerty, Francis, and Lawson became aware of what happened on or before July 7, because any use of force must "be documented and compiled in a 'use-of-force packet.'" This packet contains "a videotape of the incident, photographs, a copy of the conduct violation issued to the offending inmate, and written reports by every prison staff member involved." (Docket No. 8 at 6-7). The use-of-force packet has to be "submitted to supervisors such as" Hagerty, Lawson, and Francis before the reporting officers leave duty on the day that force is used. (Docket No. 8 at 7).

Following the July 6 incident, Allen was placed on suicide watch by a Corizon healthcare employee. On July 14, plaintiff submitted an informal resolution request (IRR) so that prison administrative personnel were aware of what happened. The IRR was followed by a grievance and a grievance appeal. Staff at FCC acknowledged receipt of the IRR on July 15.

In the IRR, plaintiff stated that he feared for his life and asked to be kept separated from Allen. On July 16, Hillis discussed the IRR with plaintiff.

Between July 6 and July 17, Corizon took Allen off suicide watch. (Docket No. 8 at 7-8). However, the healthcare employee who took Allen off suicide watch instructed Hillis not to "allow Allen to be placed in the same cell" as plaintiff, due to the risk of another incident. (Docket No. 8 at 8).

On July 17, Hillis allowed Downing to put Allen back in the same cell as plaintiff. Between July 17 and July 20, plaintiff "repeatedly pleaded with Defendants Hagerty, Hillis, Crocker, Downing, Lambing, Klemp, and Hanna to protect him from Defendant Allen, and to get him out of the cell." These defendants refused plaintiff's requests.

On July 20, Allen overpowered plaintiff and "battered [him] until he was bloody and unconscious." (Docket No. 8 at 8-9). Allen then proceeded to jump up and down on plaintiff, kick him in the head, rip off his pants, and anally rape him. (Docket No. 8 at 9). Plaintiff alleges that Crocker, Downing, Lambing, Klemp, and Hanna heard his screams before he lost consciousness, and then watched Allen beat and sexually assault him without taking any action to stop the attack.

Based on these facts, plaintiff has presented four claims for relief. In Count I, he asserts a 42 U.S.C. § 1983 claim against Lawson, Francis, Hagerty, Hillis, Crocker, Downing, Lambing, Klemp, and Hanna, alleging that they were deliberately indifferent to a serious risk to plaintiff's safety. (Docket No. 8 at 12). In Count II, plaintiff claims that Lawson, Hagerty, Hillis, Crocker,

Downing, Lambing, Klemp, and Hanna are liable for negligence under Missouri state law. (Docket No. 8 at 16). Finally, in Count III and Count IV, plaintiff alleges that Allen's actions constituted state law assault and battery, respectively. (Docket No. 8 at 18-19).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(A)(b). Here, plaintiff is a convicted state prisoner who is suing employees of a governmental entity. Therefore, his first amended complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## Discussion

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference towards his safety. He also asserts state law claims of negligence, assault, and battery. Because plaintiff is a prisoner bringing claims against governmental officers or employees, the Court has reviewed his first amended complaint pursuant to 28 U.S.C. § 1915A. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's official capacity claims. However, the Court has determined that the individual capacity claims in Count I, as well as the claims in Count II, III, and IV are sufficient for purposes of 28 U.S.C. § 1915A review.

### A. Official Capacity Claims

Plaintiff has sued Lawson, Francis, Hagerty, Hillis, Crocker, Downing, Lambing, Klemp, and Hanna in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). In this case, defendants Lawson, Francis, Hagerty, Hillis, Crocker, Downing, Lambing, Klemp, and Hanna are all employed by the Missouri Department of Corrections. As such, the official capacity claims against them are actually claims against the State of Missouri itself.

Plaintiff's official capacity claims against these state employees fail for two reasons. First, neither a state nor a state official acting in an official capacity is a "person" for purposes of a 42

U.S.C. § 1983 claim for money damages. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (asserting that "a state is not a person for purposes of a claim for money damages under § 1983"). Second, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Moreover, no exception to sovereign immunity has been presented. *See Will*, 491 U.S. at 66 (explaining that 42 U.S.C. § 1983 was not "intended to disregard the well-established immunity of a State from being sued without its consent"). For these reasons, the 42 U.S.C. § 1983 claims against Lawson, Francis, Hagerty, Hillis, Crocker, Downing, Lambing, Klemp, and Hanna in their official capacities must be dismissed.

### B. Individual Capacity Claims

Plaintiff has also sued Lawson, Francis, Hagerty, Hillis, Crocker, Downing, Lambing, Klemp, and Hanna in their individual capacities, alleging that they were deliberately indifferent to a serious risk of harm to plaintiff, making them liable under 42 U.S.C. § 1983.

Prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). As such, prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004). However, not every injury suffered by one prisoner at the hands of another prisoner translates into constitutional liability. *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010). "Rather, prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018).

To prove an Eighth Amendment violation, an inmate must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id*. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

Here, plaintiff has alleged a serious deprivation of his rights, in that he was badly beaten and sexually assaulted by Allen, his cellmate, on July 20, 2020. He has further asserted that defendants knew of the risk posed by Allen in light of an incident on July 6, 2020, in which Allen threatened plaintiff and had to be removed from the cell by force. Plaintiff states that defendants disregarded that known risk by placing him back into a cell with Allen following the earlier incident. He also alleges that defendants waited until he had been beaten and sexually assaulted before taking any action to stop Allen. The Court must accept these facts as true, and draw all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). For these reasons, the allegations in Count I are sufficient for purposes of 28 U.S.C. § 1915A review.

### C. State Law Negligence Claim

In Count II, plaintiff alleges that Lawson, Hagerty, Hillis, Crocker, Downing, Lambing, Klemp, and Hanna were negligent under Missouri law. To demonstrate negligence, plaintiff must

8

establish that these defendants had a duty to protect plaintiff, that they failed to perform that duty, and that plaintiff's injury was proximately caused by this failure. *See Jarrett v. Jones*, 258 S.W.3d 442, 448 (Mo. 2008).

Here, plaintiff states that Lawson, Hagerty, Hillis, Crocker, Downing, Lambing, Klemp, and Hanna had a duty to ensure his safety because he had been remanded to their custody. He further asserts that defendants breached that duty by placing plaintiff in a cell with Allen on July 17, 2020, despite Allen's earlier threats to harm him. This resulted in Allen beating and sexually assaulting plaintiff on July 20, 2020. The Court must accept these allegations as true, and draw all reasonable inferences in plaintiff's favor. Furthermore, the Court has supplemental jurisdiction over this claim because it is so related to the federal-question claim that it forms part of the same case or controversy. *See* 28 U.S.C. § 1367(a). As such, the allegations in Count II are sufficient for purposes of 28 U.S.C. § 1915A review.

### D. State Law Assault and Battery Claims

In Count III, plaintiff accuses inmate Allen of state law assault on July 6, 2020, while in Count III, he alleges that Allen committed state law battery on July 20, 2020. Assault in Missouri "is any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *Devitre v. Orthopedic Center of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. 2011). A plaintiff must allege (1) the defendant's intent to cause bodily harm, (2) conduct indicating such intent, and (3) apprehension of bodily harm or offensive contact on the plaintiff's part. *Id*. With regard to battery, "the plaintiff must plead and prove an intended offensive bodily contact with another person." *Id*. at 334.

In this case, plaintiff has presented sufficient allegations to support state law claims of assault and battery. With regard to the July 6, 2020 incident, plaintiff asserts that Allen brandished

9

a razor, threatened him, and would not allow him to leave his cell. Plaintiff alleges that this placed him in fear of harm. With regard to battery, plaintiff has presented facts showing that Allen beat him into unconsciousness, jumped up and down on him, kicked him in the head, and sexually assaulted him. The Court must accept these allegations as true, and draw all reasonable inferences in plaintiff's favor. Furthermore, the Court has supplemental jurisdiction over this claim because it is so related to the federal-question claim that it forms part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Therefore, the allegations in Count III and Count IV are sufficient for purposes of 28 U.S.C. § 1915A review.

### E. Motion for Leave to Proceed in Forma Pauperis

On November 9, 2020, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Subsequently, plaintiff paid the civil filing fee. Therefore, the motion for leave to proceed in forma pauperis will be denied as moot.

### F. Motion for Appointment of Counsel

On November 9, 2020, plaintiff also moved for the appointment of counsel. (Docket No. 4). Since filing that motion, an attorney has entered his appearance on plaintiff's behalf. Therefore, the motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915A(b). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that because plaintiff has paid the filing fee, service must be effectuated by plaintiff's attorney according to the summonses that have been submitted with the first amended complaint (Docket No. 9).

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket to reflect that the case caption is now *Gillispie v. Lawson, et al*.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED AS MOOT**.

Dated this 30th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE