UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER S. GILLISPIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:20-cv-01598-SPM |
| | ) |
| TERRY LAWSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendants Teri Lawson[1] and Daniel Francis to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 24). For the reasons discussed below, the motion will be denied.

**Background**

Plaintiff Christopher S. Gillispie is an inmate currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri. On November 9, 2020, he filed a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). Plaintiff also filed a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel. (Docket No. 2; Docket No. 4). At the time he submitted his complaint, plaintiff was proceeding pro se.

On February 3, 2021, counsel entered his appearance on plaintiff's behalf. (Docket No. 7). On February 10, 2021, a first amended complaint was submitted pursuant to Fed. R. Civ. P. 15(a)(1)(A). (Docket No. 8). Plaintiff paid the filing fee on March 5, 2021.

The first amended complaint was brought pursuant to 42 U.S.C. § 1983, and named a total of ten different defendants, including Farmington Correctional Center Warden Teri Lawson, and

---

[1] Plaintiff has identified Warden Lawson as "Terry Lawson." Defendants note that Warden Lawson's first name is spelled "Teri."

Major Daniel Francis.[2] According to plaintiff, he was threatened by cellmate Rodney Allen on July 6, 2020. Allen eventually had to be forcibly removed from the cell. At that point, plaintiff was placed in a different cell, apart from Allen.

On July 17, 2020, despite the earlier incident, Allen was placed back into the same cell as plaintiff. On July 20, 2020, Allen attacked plaintiff, beat him, and sexually assaulted him. In Count I of the first amended complaint, plaintiff alleged that Warden Lawson and Major Francis were liable under 42 U.S.C. § 1983 due to their deliberate indifference to a serious risk to plaintiff's safety. In Count II, plaintiff asserted that Warden Lawson was negligent under Missouri law.

Because plaintiff was a prisoner seeking redress from officers or employees of a governmental entity, the Court screened the first amended complaint pursuant to 28 U.S.C. § 1915A. (Docket No. 10). The Court dismissed the official capacity claims, but otherwise determined that plaintiff's allegations were sufficient for purposes of initial review.

On March 31, 2021, Warden Lawson and Major Francis were served. They filed a motion to dismiss on April 21, 2021, along with a memorandum in support. (Docket No. 24; Docket No. 25). Plaintiff submitted a memorandum in opposition to the motion on May 4, 2021. (Docket No. 28). Defendants filed a reply on May 11, 2021. (Docket No. 29).

**Motion to Dismiss**

Defendants' motion to dismiss seeks to dismiss Count I and Count II of the first amended complaint, as it pertains to Warden Lawson and Major Francis. With regard to Count I, defendants argue that plaintiff has not alleged that they were aware that Allen was in plaintiff's cell prior to the July 20, 2020 attack. (Docket No. 24 at 2). Defendants further contend that plaintiff has not

---

[2] In addition to Warden Lawson and Major Francis, the other defendants are John Hagerty, Ryan J. Hillis, Amanda R. Crocker, Alex Downing, Tiffany Lambing, Ryan A. Hanna, Darren Klemp, and Rodney Allen. Defendants Hagerty, Hillis, Crocker, Downing, Lambing, Hanna, and Klemp have filed an answer. (Docket No. 26). Defendant Allen, an inmate, has not responded. None of these defendants are part of the instant motion to dismiss.

2

presented facts showing that Warden Lawson or Major Francis were deliberately indifferent to a substantial risk of serious bodily harm. Additionally, defendants assert that plaintiff has not alleged a violation of his constitutional rights by either Warden Lawson or Major Francis, and that they are entitled to qualified immunity.

As to Count II, which pertains to Warden Lawson alone, defendants claim that since Lawson did not know of a risk to plaintiff, there was no common law duty to protect him. Thus, Warden Lawson could not be liable for common law negligence. Furthermore, defendants maintain that Warden Lawson has been accused of negligently performing a discretionary function. Because she was performing a discretionary function, defendants assert that she is entitled to official immunity.

For all these reasons, defendants Lawson and Francis seek dismissal of both Counts I and II of the first amended complaint, as those counts pertain to them.

## Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir.

3

2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

## Discussion

Defendants Lawson and Francis have moved to dismiss Count I and Count II of plaintiff's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the motion will be denied.

**A. Count I – Deliberate Indifference to a Serious Risk of Harm to Plaintiff**

In Count I of the first amended complaint, plaintiff alleged that Warden Lawson and Major Francis were deliberately indifferent to a serious risk of harm, making them liable under 42 U.S.C. § 1983. Specifically, plaintiff asserted that defendants' actions violated the Eighth Amendment.

To prove an Eighth Amendment violation, an inmate must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id*. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

In their motion, defendants allege that neither Warden Lawson nor Major Francis were aware that inmate Allen was in the same cell as plaintiff prior to July 20, 2020. Further, they contend that plaintiff has presented no facts showing that Warden Lawson or Major Francis actually knew that plaintiff was at a substantial risk of serious bodily harm. Thus, plaintiff has not demonstrated that defendants were deliberately indifferent to such risk.

The Court does not find this argument persuasive. In the first amended complaint, plaintiff asserted that Warden Lawson and Major Francis would have become aware of the July 6, 2020 incident because the Department of Corrections requires any use of force to be compiled into a "use-of-force packet." (Docket No. 8 at 6-7). This packet must be submitted to supervisors such as Lawson and Francis on the day force was used. Plaintiff further alleged that the "use-of-force packet" was in fact submitted to Warden Lawson and Major Francis, making them aware of the danger that Allen posed to plaintiff. (Docket No. 8 at 13). The Court must accept these allegations as true, as well as make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Based on these facts, and the reasonable inferences to be drawn from them, plaintiff has plausibly established that Warden Lawson and Major Francis knew that inmate Allen posed a substantial risk to him, and that Lawson and Francis were deliberately indifferent to that risk by not ensuring plaintiff's safety. *See Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (explaining that a "claim has sufficient facial plausibility to survive [a motion to dismiss] where the plaintiff has pled enough facts to allow the Court to reasonably infer that the defendant is liable for the alleged misconduct").

Defendants also contend that plaintiff failed to allege they violated plaintiff's constitutional rights. This contention is not persuasive, as plaintiff expressly asserted in the first amended complaint that Warden Lawson and Major Francis acted with deliberate indifference in violation

5

of the Eighth Amendment. (Docket No. 8 at 15-16). More specifically, plaintiff stated that Warden Lawson and Major Francis knew by July 7, 2020 that inmate Allen presented a risk to his safety. Plaintiff claimed that despite knowing of this risk, defendants failed to ensure that he was kept separate from Allen. As previously noted, the Court must accept these allegations as true, as well as make all reasonable inferences in plaintiff's favor. *See Jones*, 915 F.3d at 499. Based on these facts, and the inferences to be drawn from them, the Court has determined that plaintiff's claim in Count I has sufficient facial plausibility to survive a motion to dismiss. *See Perez*, 931 F.3d at 646.

### B. Count II – State Law Negligence

In Count II of the first amended complaint, plaintiff accused Warden Lawson of negligence under Missouri law. Plaintiff alleged that Warden Lawson had a duty to ensure his safety, and that Lawson breached her duty by failing or refusing to take action to prevent inmate Allen from being placed in the same cell as plaintiff. To demonstrate negligence, plaintiff must establish that Warden Lawson had a duty to protect him, that she failed to perform that duty, and that plaintiff's injury was proximately caused by this failure. *See Jarrett v. Jones*, 258 S.W.3d 442, 448 (Mo. 2008).

Defendants argue that the negligence claim against Warden Lawson should be dismissed because she was performing a discretionary function, and is entitled to official immunity. Official immunity "protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. 2019). An act is discretionary if there is "variation in when and how a particular task can be done." *Id*. at 191.

In his memorandum in opposition, plaintiff counters that he did not allege the negligent performance of a discretionary function. Rather, he alleged that Warden Lawson had a duty imposed upon her by law to ensure his safety. Plaintiff maintains that the facts in his first amended

6

complaint indicate that Warden Lawson knew of the danger posed by inmate Allen following the incident of July 6, 2020, and had a duty to protect him from that danger. In other words, plaintiff suggests that Warden Lawson had a mandatory duty to ensure that plaintiff and inmate Allen were not celled together.

In their reply, defendants assert that plaintiff is attempting to recast his allegations to establish that Warden Lawson was negligent in performing a strictly ministerial act. Be that as it may, the Court agrees with plaintiff that he has presented sufficient facts demonstrating that Warden Lawson had a duty to ensure plaintiff's safety, that Lawson was made aware of the danger to plaintiff posed by inmate Allen, and that Lawson breached that duty by failing to take measures to ensure that Allen and plaintiff were not placed together in the same cell. As previously stated, the Court must accept these allegations as true, and draw all reasonable inferences in plaintiff's favor. *See Jones*, 915 F.3d at 499. Because plaintiff's claim for relief is plausible, defendants' motion to dismiss Count II will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Teri Lawson's and Daniel Francis's motion to dismiss (Docket No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall file an answer within **fourteen (14) days** of the date of this order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of May, 2021.