UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. GILLISPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-cv-1598-MTS |
| | ) | |
| TERRY LAWSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Rodney Allen.  Doc. [125].  For the reasons discussed below, the Motion will be granted as to liability but denied without prejudice as to damages and the Court will hold an evidentiary hearing on the issue of damages.

This case arises out of claims by Plaintiff Christopher Gillispie against his prison cellmate, Defendant Rodney Allen, who threatened to attack Plaintiff on July 6, 2020, and subsequently attacked Plaintiff on July 20, 2020.  Doc. [8].  Based on these two occurrences, Plaintiff brought a claim for assault (Count III) and battery (Count IV) against Defendant under Missouri law.[1]  Doc. [8].  Defendant "failed to plead or otherwise defend" in this action, *see* Federal Rule of Civil Procedure 55(a), and the Clerk of Court entered default against Defendant on May 19, 2021.  *See* Doc. [35].  In the current Motion, pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff seeks default judgment against Defendant in the amount of two million dollars ($2,000,000.00).  Doc. [125].  Plaintiff requested the Court enter default judgment without holding an evidentiary

---

[1] Plaintiff also named as defendants in this action several prison employees, claiming those defendants violated Plaintiff's Eighth Amendment constitutional right and committed common law negligence in failing to protect him from Defendant Allen.  A three-day jury trial against those defendants was held in September 2022.  Doc. [114].

1

hearing on the issue of damages. *Id.*; Doc. [126]. Based on this request, the Court ordered Plaintiff to submit additional briefing and documents related to the issue of damages, Doc. [127], and Plaintiff obliged, Doc. [128].

**I.      LEGAL STANDARD**

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977)) (per curiam). After default is entered pursuant to Federal Rule of Civil Procedure 55(a), the facts alleged in the plaintiff's complaint, except as to damages, are taken as true and "may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6). A court must then review the complaint and "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall*, 616 F.3d at 852 (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). Once the court determines the plaintiff stated a legitimate cause of action on a claim for an uncertain amount of damages, Federal Rule of Civil Procedure 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." Fed. R. Civ. P. 55(b)(2). Whether an evidentiary hearing is necessary to determine the amount of plaintiff's damages is a decision soundly committed to the discretion of the district court. *See KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) ("Rule 55(b)(2) entrusts the district court with the discretion to decide if a hearing on the issue of damages is necessary following default judgment."); *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) (explaining the "need for a hearing is within the sound discretion of the district court").

## II.   DISCUSSION

### A.  Defendant's Liability

At this stage, after the Clerk of Court has entered default against Defendant, the facts alleged in Plaintiff's Complaint are "deemed to be true." *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (holding that when default judgment is entered on a claim for indefinite damages, facts alleged in the complaint are taken as true). Thus, the Court now considers whether the unchallenged facts in Plaintiff's Complaint constitute a "legitimate cause of action" against Defendant. *Marshall*, 616 F.3d at 852 (citing *Murray*, 595 F.3d at 871); *see also Augustyn v. Wilson*, 2:20-cv-04174, 2020 WL 7774911, at *1 (W.D. Mo. Dec. 30, 2020) (granting default judgment against a defendant for assault and battery).

Here, Plaintiff brings claims for assault and battery against Defendant. Missouri law treats both "intentional torts" as "distinct causes of action." *Elias v. Davis*, 535 S.W.3d 737, 745 (Mo. Ct. App. 2017) (citing *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. banc 2011)). To state a legitimate assault claim, Plaintiff must plead facts alleging Defendant acted with "any unlawful offer or attempt to injure" Plaintiff "with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *Id.* The elements of assault are: "(1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent; and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct." *Id.* To state a legitimate battery claim, Plaintiff must plead facts alleging Defendant made an "intended, offensive bodily contact with" Plaintiff. *Devitre*, 349 S.W.3d at 334.

The Complaint states legitimate causes of action with respect to both torts. Plaintiff's assault claim is based on the July 6, 2020, events. In his Complaint, Plaintiff alleges he and

3

Defendant were in their shared prison cell when Defendant began acting irrationally, banging his head on the cell bars and walls, and cutting himself with a razor. Doc. [8] ¶ 23. Defendant refused to allow Plaintiff to leave the cell and "threaten[ed] Plaintiff with grave bodily harm and death." *Id.* ¶¶ 23–24. Plaintiff "repeatedly screamed in fear and pleaded . . . to get [] out of the cell and away from Defendant." *Id.* ¶ 24. Defendant "continued threatening Plaintiff and injuring himself" and "vowed grave bodily harm and death to anyone who attempted to rescue Plaintiff or remove either of them from the cell, and brandished the razor to emphasize the point." *Id.* ¶ 26–27. Plaintiff's battery claim is based on the attack on July 20, 2020. In his Complaint, Plaintiff alleges Defendant attacked Plaintiff, beat him into unconsciousness, and raped him. *Id.* ¶¶ 45, 92 ("Allen battered Plaintiff until he was bloody and unconscious, then jumped up and down on him, kicked him in the head, and ripped off his pants and anally raped him while he remained unconscious."). Taking these facts as true, the Court finds Plaintiff has stated a legitimate cause of action for assault and battery against Defendant for purposes of default judgment.

    B. **Assessment of Damages**

Having determined Plaintiff stated legitimate causes of action against Defendant, the Court must determine the amount of damages. *See* Fed. R. Civ. P. 55(b)(2)(B). Whereas here, when a claim is for an indefinite or uncertain amount of damages, facts relating to the amount of damages must be proved in a supplemental hearing or proceeding. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). While a district court has discretion on whether to hold an evidentiary hearing on the amount of damages, *see KD*, 1 F.4th at 601, "[f]oregoing an evidentiary hearing may constitute abuse of discretion when the existing record is insufficient to make necessary findings in support of a default judgment," *Stephenson*, 524 F.3d at 917 n.11. Despite giving Plaintiff an opportunity to supplement the record and submit additional briefing, Doc. [127],

4

the Court concludes an in-person evidentiary hearing is necessary to ascertain damages. *See* Fed. R. Civ. P. 55(b)(2)(B) (stating that a "court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages").

In support of its Motion for Default Judgment, Plaintiff presented testimony that Defendant's conduct was "extremely traumatic to [him], both physically and psychologically, and [he] will have to live the rest of [his] life burdened by thoughts of those experiences every day." Doc. [125-1]. The Court does not dispute the traumatic experience of the attack or Plaintiff's physical and psychological injuries as a result. But the record is not clear—for what physical or psychological injuries does Plaintiff seek compensation? The Court does not know, and the record before the Court does not answer this question.

Plaintiff provides no examples of injuries or any basis on which one could possibly quantify such injuries.[2] *See, e.g.*, *KD*, 1 F.4th at 602–03 (affirming default judgment damage award based on evidence from a psychologist of the "lasting effect" the wrongful conduct caused such as "therapy throughout her life" and the "risks for difficulties in adult relationships, parent-child relationships, and other interactions" plaintiff will always face). Nor does Plaintiff articulate the categories of damages sought, let alone "the basis upon which each category of damages [could be] calculated" or "refer to any specific portions of the" record "in support of the amount of each category of damages." *Stephenson*, 524 F.3d at 917; *see, e.g.*, *Erickson v. Sawyer*, 0:21-cv-2536-ECT, 2023 WL 166952, at *6 (D. Minn. Jan. 12, 2023) (discussing default judgment categories of damages for "harm to his reputation and community standing, mental distress, humiliation,

---

[2] The Court also notes that despite specifically ordering Plaintiff, Plaintiff has still failed to provide the Court with cases showing that a two-million dollar award in actual damages here is sufficient and reasonable based on a comparison of similar cases. *See* Doc. [127] (ordering Plaintiff to "cite to factually similar or analogous cases wherein courts have entered judgments awarding comparable damages, to show that the requested amount of damages here is reasonable, too").

5

embarrassment, physical disability, and any economic loss"); *Larsen v. Larsen*, 0:10-cv-4728-JNE, 2012 WL 876786, at *1 (D. Minn. Mar. 14, 2012) (discussing default judgment categories of damages for future medical and psychological treatment, past and future emotional distress and pain and suffering, and past and future wage loss).  Plaintiff does not even discuss the type of recoverable damages allowed under Missouri law for assault or battery.

Instead, Plaintiff makes "generic reference[s] to evidentiary support for the damages determination" and asks the Court to award a hefty amount of two-million dollars. *See Stephenson*, 524 F.3d at 916–917.  That will not do, especially because the damages in this case are indefinite and not subject to easy computation.

The Court notes it is not holding an evidentiary hearing to rehash the egregious nature and details of Defendant's attack—that information is properly before the Court, for purposes of awarding damages, and corroborated by the testimony of Plaintiff, other parties, and by other evidence in the record. *See Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015) (holding no "abuse of discretion in the decision to award actual damages without an evidentiary hearing" where the plaintiff submitted affidavits and documentary proof); *see also Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (finding evidentiary hearing unnecessary when damages "are capable of being computed on the basis of facts of record").  To that point, Plaintiff's testimony and other record evidence does establish Plaintiff suffered damages, both physically and psychologically, because of Defendant's conduct.  But Plaintiff's testimony does not establish what these injuries are, how they can be quantified, and whether there is supporting documentation to show the amount claimed is reasonable.  Nor does any record evidence.  Therefore, the Court will hold an evidentiary hearing to determine the damages amount to which Plaintiff is entitled.

6

## Conclusion

Plaintiff's Motion for Default Judgment is granted as to the liability of Defendant Allen for assault and battery. The Court denies Plaintiff's Motion for Default Judgment as to damages and will hold an evidentiary hearing to determine the damages amount to which Plaintiff is entitled, for reasons discussed in this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [125], is **GRANTED** *in part* and **DENIED** without prejudice *in part*. The Court grants Plaintiff's motion as to liability and the issue of damages will be determined later after an evidentiary hearing.

**IT IS FURTHER ORDERED** that an evidentiary hearing on the issue of damages is set for **April 11, 2023**, in **Courtroom 14-South** (14-S) at **1:00 p.m.** before District Judge Matthew T. Schelp. Plaintiff should file a list of witnesses and exhibits that he intends to use at the hearing by **April 5, 2023**.

**IT IS FINALLY ORDERED** that after the evidentiary hearing, Plaintiff shall submit a detailed, proposed findings of fact and conclusions of law, in support of his position on damages, no later than by **April 28, 2023**.

Dated this 23rd day of February, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE