UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER S. GILLISPIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:20-cv-1598-MTS |
| ) | |
| TERRY LAWSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Christopher Gillispie's Motion for Default Judgment against Defendant Rodney Allen. Doc. [125]. Previously, the Court granted Plaintiff's Motion in part and denied without prejudice in part. *See Gillispie v. Lawson*, 4:20-cv-1598-MTS, 2023 WL 2187472 (E.D. Mo. Feb. 23, 2023); Doc. [129]. The Court granted the Motion as to Defendant's liability for assault and battery but deferred judgment on the amount of damages until after an evidentiary hearing. *Id.* The Court held an evidentiary hearing on the issue of damages, Doc. [137], and concludes Plaintiff shall recover $1,250,000.00 in damages against Defendant.

\* \* \* \* \* \* \* \* \* \*

This case arises out of claims by Plaintiff Christopher Gillispie against his prison cellmate, Defendant Rodney Allen, who threatened to attack Plaintiff on July 6, 2020, and subsequently attacked, raped, and beat Plaintiff into unconsciousness on July 20, 2020. Doc. [8]. Based on these two occurrences, Plaintiff brought a claim for assault (Count III) and battery (Count IV) against Defendant under Missouri law.[1] Doc. [8]. Defendant "failed to plead or otherwise defend"

---

[1] Plaintiff also named as defendants in this action several prison employees, claiming those defendants violated Plaintiff's Eighth Amendment constitutional right and committed common law negligence in failing to protect him from Defendant Allen. A three-day jury trial against those defendants was held in September 2022. Doc. [114].

1

in this action, *see* Federal Rule of Civil Procedure 55(a), and the Clerk of Court entered default against Defendant on May 19, 2021.[2] *See* Doc. [35]. In the current Motion, pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff seeks default judgment against Defendant in the amount of two million dollars ($2,000,000.00). Docs. [125–126]. After finding Defendant liable for assault and battery, *Gillispie*, 2023 WL 2187472, *2, the Court held an evidentiary hearing on the issue of damages, Doc. [137], and Plaintiff presented testimony and other evidence on this point.

## I. LEGAL STANDARD

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977)) (per curiam). After default is entered pursuant to Federal Rule of Civil Procedure 55(a), the facts alleged in the plaintiff's complaint, except as to damages, are taken as true and "may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6). Once the court determines the plaintiff stated "a legitimate cause of action" on a claim, *Marshall*, 616 F.3d at 852 (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)), it must ascertain the amount of damages and determine any other appropriate relief, *Echeverry v. Goshert*, 4:22-cv-153-JAR, 2022 WL 2209364, at *2 (E.D. Mo. June 21, 2022) (citing *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000)). If the judgment sought by the plaintiff is not for a sum certain, the Court may determine damages by holding an evidentiary hearing or based upon affidavits and documentary evidence supplied by the plaintiff. Fed. R. Civ. P. 55(b)(2) ("the court may conduct such hearings or order such references as it deems necessary and proper"); *see also KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021)

---

[2] Defendant was criminally charged for this attack of Plaintiff, to which Defendant pled guilty to "felony of sodomy" and "deviate sexual intercourse . . . by the use of forcible compulsion" with Plaintiff. Pl. Ex. 1 at 7.

("Rule 55(b)(2) entrusts the district court with the discretion to decide if a hearing on the issue of damages is necessary following default judgment."); *see Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015) (holding no "abuse of discretion in the decision to award actual damages without an evidentiary hearing" where the plaintiff submitted affidavits and documentary proof).

**II.   DISCUSSION**

Having determined Plaintiff stated legitimate causes of action against Defendant for assault and battery, *Gillispie*, 2023 WL 2187472, *2, the Court must now determine the amount of damages. *See* Fed. R. Civ. P. 55(b)(2)(B). Plaintiff seeks default judgment against Defendant in the amount of two million dollars ($2,000,000.00)—one million dollars in compensatory damages and one million dollars in punitive damages.

The Court grants Plaintiff's full request for compensatory damages. Under Missouri law, a plaintiff injured by assault or battery may recover "compensatory damages for bodily pain, humiliation, mental anguish and other injuries that occur as a necessary and natural consequence of the tortious conduct." *A.R.B. v. Elkin*, 98 S.W.3d 99, 104 (Mo. Ct. App. 2003) (citing *K.G. v. R.T.R.*, 918 S.W.2d 795, 799–800 (Mo. banc 1996)). "There is no fixed measure or standard available to the trier of fact in determining the measure of damages for pain and suffering. The measure of damages is simply that which is fair and reasonable." *A.R.B.*, 98 S.W.3d at 104 (quoting *Prange v. Prange*, 755 S.W.2d 581, 592 (Mo. Ct. App. 1987)). "The matter of fixing damages rests in the sound discretion of the trial court but requires the weighing of the relevant facts which show that damage occurred." *A.R.B.*, 98 S.W.3d at 105 (citing *Prange*, 755 S.W.2d at 592). A district court errs if it requires "medical evidence" or obligates a plaintiff "to present evidence of the value of his emotional injury in order to recover more than nominal damages." *A.R.B.*, 98 S.W.3d at 104–05.

Plaintiff put forth evidence of the egregious nature and details of Defendant's attack—which has been corroborated by the testimony of Plaintiff, other parties, and by other evidence in the record.  Plaintiff detailed the severe injuries he sustained.  Plaintiff also discussed his future medical needs, including counseling and post-traumatic stress disorder (PTSD),[3] humiliation, and harm to reputation.  Given the brutal nature of Defendant's attack and the resulting physical, psychological, and other injuries, the Court finds Plaintiff's request here "fair and reasonable."  *A.R.B.*, 98 S.W.3d at 104.  Therefore, the Court grants Plaintiff one million dollars ($1,000,000.00) in compensatory damages.

As to punitive damages, the Court partially grants Plaintiff's request.  Missouri law allows awards of punitive damages on a claim of assault or battery.  *Harris v. Jungerman*, 560 S.W.3d 549, 555 (Mo. Ct. App. 2018); *A.R.B.*, 98 S.W.3d at 105.  Unlike compensatory damages, "[p]unitive damages are not compensation for the injury to the plaintiff but are intended to punish a defendant for outrageous conduct and deter others from similar conduct."  *Burns v. Taylor*, 589 S.W.3d 614, 627 n.9 (Mo. Ct. App. 2019) (citing *Jungerman*, 560 S.W.3d at 562).  The Court finds Defendant's conduct was "outrageous" by reason of his "evil motive or reckless indifference to the rights of" Plaintiff.  *Jungerman*, 560 S.W.3d at 555.  Therefore, the Court grants Plaintiff two hundred fifty thousand dollars ($250,000.00) in punitive damages.

---

[3] The Court finds it credible that Defendant's conduct was "extremely traumatic to [him], both physically and psychologically, and [that he] will have to live the rest of [his] life burdened by thoughts of those experiences every day."  Doc. [125-1].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [125], is **GRANTED** *in part*, and Plaintiff shall recover from Defendant Rodney Allen the sum of $1,250,000.00.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 6th day of April, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE